Bentley, J.
On motion to dismiss appeal.
The petition in this case was filed in the court of common pleas in the name of the city for the use of Horan, to whom an assessment seems to have been assigned, setting out certain legislation and proceedings by the city of Toledo, resulting in an assessment for an improvement made by the city against certain lots described in the petition; and the petition among other averments, has the following: “That at the time of making the assessment as aforesaid, the defendant, Henry Barnes (and Nettie L. Barnes), then was and still is the owners of the following described premises and by the assessment aforesaid, there was levied and assessed thereon the following sums.” Part of the petition was printed, and part of it was written by filling blanks left for that purpose. The *685 words, “that at the time of making the assessment as aforesaid,” are upon one line of the petition, and are printed. The next line begins “ defendant,” in print, and then follows in writing, “ Henry Barnes; ” then careted above that, “and Nettie L. Barnes.” Then follows upon the same line with the words “Henry Barnes” the words, “then was and still is.” Following that in print are the words, “the owners of the following described premises.” At the extreme bottom of those written words, “then was,” and touching the bottom of the letters making those words is a line nearly horizontal, which continues wholly under the following words, “then was,” and under about half of the word “still” in the expression “then was and still is.”
It was claimed upon argumant that the words “then was and still” were erased by this horizontal line, or pretended to be erased. The plaintiff, however, contended that it was meant by that line simply to underscore the words, and not to erase any of them.
If those words under which the horizontal line is drawn were erased, or should be considered erased, the averment of of the petition would be, “that at the time of making the assessment as aforesaid, the defendants, Henry Barnes and Nettie L. Barnes is the owners of the following described premises.” There would still remain as a part of the petition the averment as to the time of the ownership, namely, “at the time of making the assessment as aforesaid.” To express the idea, the words left simply show a grammatical inaccuracy. If they are considered underscored, and not erased, the averment of the petition would read, “that at the time of making the assessment as aforesaid, the defendants, Henry Barnes and Nettie L. Barnes then was and still is the owners of the fallowing described premises,” still leaving the grammatical fault; but in either way of considering the matter, the averment would remain “that at the time of making the assessment as aforesaid,” “the ownership” existed; or, at least, that is fairly inferred.
*686 The petition setting up the amount of the assessment upon thes various lots, prays for a personal judgment against Henry Barnes and Nettie L. Barnes in the aggregate of one-half of the several assessments, and statutory penalty upon that. Then follows the prayer: “Plaintiff prays that an account may be taken of the amount due by reason of said assessment, including penalty and interest thereon; that said amount may be declared the first lien upon the premises on which the same was assessed, by order, to be paid within a short date to be [fixed by the court; that in default of said payment, said premises be sold as upon execution at law, to pay the same, and that liens thereon be marshaled and their pro ratas determined, and that plaintiff may have such other and further relief as may be equitable and just.”
Valentine H. Ketcham was made a defendant in this action and named as such in the original petition. The statement in the petition is that he claimed a lien upon the real estate by way of a mortgage the amount and terms of which are not known to plaintiff; but that whatever lien Ketcham had upon the premises, was subsequent and inferior to the lien of the plaintiff for the assessment. Mr. Ketcham answei'ed, setting up his mortgage, claiming that it was due and unpaid, and followed that with the usual prayer for the sale of the mortgaged premises and payment of the mortgage. The defendants. Henry and Nettie L. Barnes, filed an original answer, and afterwards an amended answer to the original and amended petition, the opening paragraph of which answer is as follows: “Now come said defendants, and by way of amended joint answer to the' plaintiff’s original, amended and supplementary petition, say that they admit that they are the owners of the premises described in plaintiff’s petition, and that said city of Toledo passed an ordinance and resolution set forth in said petition, whereby there were assessed upon said lots the various assessments mentioned in said petition.” And then the defendants deny that said assessments are a valid lien upon said premises, or that plaintiff is entitled to *687 recover the amount thereof from their said property, or any penalty or interest thereon; and they deny that plaintiff demanded the same from the defendants.”
Then following in the answer are averments to the effect that certain of these assessments are excessive and illegal, for the reason that a portion of the land for which assessments were ordered was not public land, and the city had no right or power to improve it, or assess for its improvement, and the defendants ask that there be an abatement from this assessment, and that the plaintiff be enjoined from collecting the illegal amount claimed to have been assessed.
The portion of the answer which I have qouted contains the admission regarding the ownership of the defendants, of these premises. The admission in terms is, that they are the owners, namely, either at the time of filing the answer, or possibly, at the time of filing the petition. But there is in the petition the averment that they were such owners at the time of making the assessment. This averment remains undenied in the answer. Therefore, there was no issue upon that subject; so that, so far as these asessments were legal and valid and of proper amount, under the statute (section 2285), the then owners, Henry Barnes and Nettie L. Barnes, became personally liable for the payment of these assessments, and a personal judgment against them would be proper. The answer does not mention the cross-petition of Ketcham, nor is there any pleading taking any issue with the averment of that cross-petition. The cross-petition of Ketcham makes no issue with the averment of the petition, that whatever lien Mr. Ketcham has, is subsequent and inferior to the lien of these assessments. In fact, it would seem to be a matter of law under the statutes, as they stand, that if these assessments were legal and valid in any amount, to such amount they must necessarily be prior and superior to the lien of any mortgage which Mr. Ketcham could hold, so that there could not well be made any substantial issue as to the- priority of these claims. The only way that Mr. Ketcham could make any defense, would be to reduce the amount of the assessments by some averment and proof, *688 or to overthrow them entirely as being improper and illegal. It is a fact, though perhaps of no moment, that the praecipe filed to the petition does not direct the clerk to indorse upon the summons any particular amount, and no sum was indorsed upon the summons which was served ; but the parties appeared in court for the purpose of trial of the case, and their answers affected their appearance for the purpose of any judgment warranted by the pleadings and proofs.
The case was submitted to the court without the intervention of a jury, and the court found that, as to a certain portion of these assessments upon certain lots, an excessive assessment had been made, and ordered an abatement; but finding a part of the assessments valid as to the same lots, and, I believe, as to something upon all of the lots, rendered a personal judgment in accordance with the prayer of the petition against Henry Barnes and Nettie L. Barnes for the aggregate sum of these amounts, and also a decree for the sale of the lots in case the amount was not paid by a certain time.
Upon the rendition of that judgment and decree, the record shows that “ the defendants gave notice of an appeal to the circuit court, and the court, fixed the amount of the appeal undertaking in the amount of $100.00.” No persons sought to perfect an appeal, it would seem, except the defendants, Barnes, and they filed an appeal bond, the condition of which reads in this way: “ The condition of the above obligation is such, that whereas said Henry Barnes and Nettie L. Barnes have taken an appeal from a certain judgment and decree rendered against them in favor of said city of Toledo, for the use of James Horan, in the Court of Common Pleas for the county of Lucas, in the state of Ohio, at the April term thereof, 1890, in the sum of $-, to the circuit court in and for the county aferesaid.” So there was no attempt on the part of the defendants, Barnes, to appeal, as far as the filing of the bond is concerned, from any part of this decree, except so much of it as is in favor of the plaintiff. There is no attempt to appeal from any order which the defendant Ketcham may *689 have taken upon his cross-petition. Under these circumstances of the case, in view of these pleadings and' of this judgment, it is claimed by the city that it is not an appealable case; and on the other hand by defendants, Barnes, it is claimed that they have duly perfected an appeal, and that the appeal should be sustained, and the case tried in this court.
It is admitted by the counsel for the appellants that, by the general rules, where the plaintiff in his petition presents two causes of action, one a legal, as to which either party would have the right to demand a trial by jury, and the other an equitable, in which no such right exists, the case is not appealable ; but he claims that this particular case is taken out from this general rule for the reason that a third party, claiming a lien upon the premises, is made a defendant, and the prayer is inserted for the marshaling of liens. The case in the 7 Ohio Circuit Court Reports, Means et al. v. Clark et al., on page 276, is cited as sustaining this view. Our attention is called to this language used in the-disposition of that case, found on page 279: “ If an action be brought by a single lien-holder against the principal contractor to establish the amount of his claim, joining in the action the person with whom the contractor made his contract, to subject the fund due to such lien, the case of Dunn v. Kanmacher et al., 26 Ohio St. 487, seems to hold that this is an action for money only under the statute, which gives the right so to proceed as for money had and received, and is not appealable. But where there are several lien-holders, and all claiming priority as against the fund, it seems to us the rule would be otherwise. It is in the nature of a creditor’s bill to assert and marshal liens on property, or a fund from which payment is to be made, which is clearly appealable.”
It is claimed that in this case the same question is presented. In that case it appears that the court recites that there are issues made between several parties, each claiming as against the others the fund to be distributed in court, and the necessity, as well as the prayer for the marshaling of liens *690 upon that fund is presented. In this case no such issue seems to have been made. There is no question made by any one but that Mr. Keteham has a mortgage on these premises, bio-body disputes it or denies it. Nobody claims that Mr. Ketch-am’s mortgage is ahead of, or superior to the claim of the plaintiff, if he has one at all. There is no issue as to the marshaling of the liens which requires their order to be declared by court of equity. To be sure the court, in ordering a sale, would be obliged finally to distribute the fund ; but it would distribute the fund under the rules of law, and not because of any issue that was tendered by the parties; just the same, in fact, as in a case where there had been no cross-petition at all. If the premises were ordered sold, it would be proper for the court to order the claim of the plaintiff paid, and the costs and taxes which might, at the time of the sale, be properly assessed upon the land, and be then due and payable; and the balance to be paid to the owners of the title. But this sort of an order would be necessary in any case, such a case as is mentioned in the 10th Ohio St., the case of Ladd v. James, so that it seems to us the reason urged for the sustaining of this appeal, even under this authority, is not well founded. It is true, the defendants in this case seek to evade the liability upon these assessments in whole or in part, and so far as they attempt to release the lots from the lien of the assessments, they also attempt to release themselves from any personal liability upon them, as the lien depends upon the same facts as the personal liability. So far as there was any controversy about that, if it could in any way result in the lessening of the assessments upon the lands, it must necessarily also result in lessening the personal judgment; so that it presents a case in which the proper decree inequity must depend upon the legal rights of the defendants as to the assessment, and therefore, we think it clearly within the rules in many eases recited by the Supreme Court upon this point.
Stephen Brophy, for James Horan.
I. N. Huntsberger, for Henry Barnes and wife.
The appeal will therefore be dismissed.